TOLEDO, ST. LOUIS & KANSAS CITY RAILROAD COMPANY

v.

AMERICAN REFRIGERATOR TRANSIT COMPANY.

*Replevin—Demand—Refrigerator Cars.*

In actions of replevin brought for three refrigerator cars rightfully in the possession of the defendant, no proper demand having been made therefor and one of them not being in the possession of defendant at the time suit was commenced, this court holds, in view of the evidence, that the judgment for the plaintiff can not stand.

[Opinion filed January 15, 1892.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Messrs. H. A. NEAL and MESSICK & RHOADS, for appellant.

Mr. PERCY WERNER, for appellee.

GREEN, P. J. Appellee owned several hundred cars, constructed and used to carry perishable freight. In June, 1890, three of its cars, numbers 2581, 3005, and 4023, while in the lawful possession of the Missouri Pacific R. R. Co., under a contract with appellee, were loaded with meat to be transported to New York over its road and connecting lines, including that of appellant. In the regular course of transporting this freight as billed, the three cars were delivered by the Missouri Pacific Co., at St. Louis, the terminus of its line, to the Bridge R. R. Co., to be carried over the bridge to East St. Louis, and there delivered to appellant. Car number 2581 was thus delivered to it on June 18th, and sent out as billed, over its line, on the same day. Car number 3005 and car number 4023 were in the same manner delivered to appellant at East St. Louis, not earlier than 4:30 P. M. June 19th. When

received, the freight was promptly transferred to cars of appellant and these two cars were then returned to appellee without delay.

On *June 18*, 1890, appellee brought suit against appellant in replevin and trover for cars number 2581 and 3005. This case was numbered, below, "179." On *June 19*, 1890, a suit in replevin for car number 4023 was brought by appellee against appellant. This case was number "180," and by agreement the two suits were tried by the court without a jury. The finding and judgment was for plaintiff in each case, and defendant took this appeal. The evidence in this record does not sustain the finding and judgment in either of said cases.

The appellant had the lawful right to the possession of the three cars, as is shown by the testimony of appellee's president. He testified appellant had the right to the possession of these cars on June 18th and June 19th, for the length of time required to transfer the freight from them to cars of its own, or other lines over which it was billed for transportation. The appellant being lawfully in the possession of the cars, it was necessary to prove that before suit was commenced appellee had demanded of it the possession thereof and such demand was not complied with. No demand was made for car number 2581 or car number 3005, hence a suit in replevin could not be maintained to recover the possession of those cars. It is urged, however, on behalf of appellee, that appellant had no lawful right to send car number 2581 over its line, and possession retained for that purpose was tortious, and no demand was necessary. It was proven that appellee received and accepted from appellant the regular and customary rate of three quarters of a cent per mile for the use of said car. The right to the possession and use of it was thus conclusively admitted, and appellee can not now be permitted to treat such possession and use as unlawful.

Furthermore, car number 3005 was not in the possession of appellant at the time suit was commenced. For the foregoing reasons the plaintiff had no legal right to recover in case No. 179.

The evidence is conflicting as to whether any demand

was made upon appellant for car number 4023, but conceding there was proof justifying the court in finding such demand was made, it is an uncontradicted fact that if made, it was between 3 and 4 o'clock P. M., June 19th, and before the time said car came into the possession of appellant, which was not earlier than 4 : 30 P. M. of that day. No other demand was ever made, hence appellee had no legal right to recover in case number 180. The Circuit Court erred in denying appellant's motion to set aside the findings, and for a new trial, and in entering judgment on the findings. The judgment is reversed and cause remanded.

*Remanded and remanded.*